UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

RANDY HOLYFIELD, )
)
Plaintiff, )
)
vs. ) 1:11-cv-947-SEB-TAB
)
DEPARTMENT OF CORRECTION, )
 et al., )
)
Defendants. )

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's request for a copy of the docket sheet [7] is **granted.** The clerk is directed to **include a copy of the docket sheet** with the plaintiff's copy of this Entry.

**II.**

Plaintiff Randy Holyfield, an inmate at the Edinburgh Correctional Facility, filed this civil rights action against the Department of Correction, Ms. France Osborn, Ms. Michele Kiefer, Mr. Buchmann, Mr. Ray Lane, and Mr. Jesse Sanchez. He alleges:

> I was giv[en] 233 days in D.O.C. [on] a violation charge my commitment and June 30, 2011. D.O.C. will not release me because they are making me repeat my jail credit days over 214 days which I am and the courts show my commitment is over which the credit days show as jail days that I have all ready [sic] completed and they refuse to take me to my brother and uncle funeral and they let white inmates go to their family funeral service I am F.3 category in a level one facility.
>
> . . . .
>
> I am Afro American I was approved to go funeral service but would no officer take me the white go all the time and the officer take them with no problem. I feel they are discriminating against blacks.

Holyfield makes the following request for relief:

> Be compensated for each and every day they held me over my commitment and compensated for the emotionally pain they have cause[d] me and my family concerning the deaths I have had and refuse to go to.

### III.

### A.

Because Holyfield is a prisoner, his complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); A complaint must always . . . allege ≥enough facts to state a claim to relief that is plausible on its face.≅ *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). In addition, although the requirements of notice pleading are minimal, when a plaintiff Apleads facts that show his suit is . . . without merit, he has pleaded himself out of court.@ *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994).

### B.

Applying the foregoing standards the court finds as follows.

- Holyfield could not prevail on his claim of being held beyond the date he was entitled to be released without thereby establishing his entitlement to have been released at some point prior to the filing of his complaint and that his custody is unlawful. This would impugn the validity of his continued confinement, which in turn triggers the rule of *Heck v. Humphrey,* 512 U.S. 477 (1994). Where Asuccess in a . . . [42 U.S.C. '] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.@ *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing to *Heck*). A[U]nder *Heck,* a ' 1983 claim for damages is not cognizable (*i.e.* does not accrue) if a judgment in favor of the plaintiff on that claim ≥would necessarily imply the invalidity of [the plaintiff's]

conviction or sentence.=" *Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 896-97 (7th Cir. 2001)(citing *Heck,* 512 U.S. at 487).

- With respect to his claim of not being taken to the funeral of relatives, Holyfield alleges that he was approved to go a funeral service but no officer would take him because he is African-American. In order to be held responsible for the violation of a federally secured right for which a remedy in damages is sought pursuant to 42 U.S.C. ' 1983, an individual must have personally participated in the alleged constitutional deprivation. *Zimmerman v. Tribble,* 226 F.3d 568, 574 (7th Cir. 2000). Holyfield does not allege that any of the defendants named in the complaint had personal responsibility for this alleged misconduct or that it occurred at their direction. *Steidl v. Gramley,* 151 F.3d 739 (7th Cir. 1998); *West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997). Accordingly, this claim must be **dismissed** for failure to state a claim upon which relief may be granted.

### C.

The first claim discussed above, relating to Holyfield's confinement beyond the alleged proper date of his release, is dismissed without prejudice.

With respect to the second claim discussed above, the plaintiff shall have **through November 15, 2011,** in which to **supplement** his complaint by setting forth in a plain fashion which defendant(s), if any, is personally responsible for discriminating against him based on his race.

No partial final judgment shall issue at this time as to the claim resolved in this Entry.

**IT IS SO ORDERED**.

Date: 10/26/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Randy Holyfield
DOC #861041
Edinburgh Correctional Facility
P. O. Box 470
23rd & Schoolhouse Road
Edinburgh, IN 46124

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**